TOMAS E. MARGAIN, Bar No. 193555
HUY TRAN, Bar No. 288196
PHUNG TRUONG, Bar No. 287687
Justice at Work Law Group
84 W. Santa Clara St., Ste. 790
San Jose, California 95113
Tel:    (408) 317-1100
Fax:    (408) 351-0105

Attorneys for Plaintiffs
HORACIO DE VEYRA PALANA
and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HORACIO DE VEYRA PALANA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MISSION BAY INC. and PRINT IT HERE AND COPY, INC., <br><br> Defendants. | Case No: <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, CALIFORNIA LABOR CODE, AND CALIFORNIA BUSINESS AND PROFESSIONS CODE.** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff HORACIO DE VEYRA PALANA, on behalf of himself and all other similarly situated current and former employees of Defendants MISSION BAY, INC. and PRINT IT HERE AND COPY, INC., complains and alleges as follows:

## INTRODUCTION

1.     This is a class action lawsuit brought pursuant to Federal Rule of Civil Procedure 23 and a collective action under the Fair Labor Standards Act against Defendants.  Defendants provide care services for mentally disabled adults through programs provided at their facilities and various points of interest where the clients are taken such as shopping malls, petting zoos, and farms.  Plaintiff is a former employee of Defendants who was not compensated at the proper rate

1. for his overtime hours or provided complaint meal and rest breaks. He brings this class action on behalf of himself and all other current and former similarly situated employees of Defendants.

2. Plaintiff brings this lawsuit on behalf of the class to challenge the unfair and unlawful practices that Defendants have engaged in with regard to their compensation. Plaintiff seeks restitution and compensation on behalf of himself and other similarly situated employees for unpaid wages, including meal period premiums, overtime premiums, statutory penalties, and interest. Plaintiff also seeks declaratory and injunctive relief. Finally, Plaintiff seeks reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act (FLSA), California Labor Code and Code of Civil Procedure § 1021.5.

## PARTIES

3. Plaintiff HORACIO DE VEYRA PALANA is an individual over the age of eighteen (18) and at all relevant times a resident of Santa Clara County in California. Plaintiff worked for Defendants from approximately September 2008 to August 2013.

4. Defendants MISSION BAY INC. and PRINT IT HERE AND COPY INC. are California corporations headquartered in Santa Clara County. Both are authorized to, and in fact do, business in the State of California. On information and belief, Plaintiff alleges that both entities are joint enterprises for purposes of the FLSA and California Labor Code.

5. On information and belief, Plaintiff alleges that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and proximately caused damage and injury thereby to Plaintiff and other similarly situated current and former employees.

6. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims and those of similarly situated current and former employees for unpaid wages because Plaintiff is a California resident.

1  Additionally, the basis for these claims is the FLSA, which satisfies the federal question
2  requirement to proceed in this Court.
3      8.    Venue is proper in this Court because Defendants are California corporations that
4  are based in and operate out of this Court's district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

6      9.    Defendants provide care and companionship for mentally disabled adults. As part
7  of their services, Defendants employed direct care staff to supervise and interact with clients in
8  their care. Some of these workers were assigned to pick clients up from their homes, drive them
9  to their facilities where they provide food and on-site activities. These care staff drivers also
10 drove their clients to various off-site activities arranged by Defendants.
11     10.    Defendants compensated Plaintiff and other similarly situated employees on an
12 hourly basis. However, they failed to compensate them at their overtime rate for their overtime
13 hours. At some point within the statute of limitations in this action, Defendants attempted to hide
14 their employee's overtime hours by having them track their hours on multiple time cards for the
15 same day and issuing separate pay checks with separate wage stubs.
16     11.    Plaintiff and other similarly situated employees were not afforded complaint meal
17 and rest breaks. They were not allowed to voluntarily waive rest breaks as they were frequently
18 left alone with the client in such a manner where they could not leave the client by himself or
19 herself without supervision. Even at times Plaintiff and the class worked in small groups for a
20 four-hour period, the staffing levels were such that they could not take an uninterrupted break.

## CLASS ACTION ALLEGATIONS

22     12.    Plaintiff brings this action on behalf of himself and all others similarly situated
23 pursuant to Federal Rule of Civil Procedure 23 for violations of the Fair Labor Standards Act and
24 California's Labor Code and Business & Professions Code section 17200, *et seq.* Plaintiff seeks
25 to represent the following class of employees, defined as follows:

> All individuals who have been employed by Mission Bay Inc. and Print It Here And Copy Inc. who were not paid their overtime rate for overtime hours and were not provided compliant meal and rest breaks.

3
COMPLAINT AND DEMAND FOR JURY TRIAL

1    13. The exact number of class members is unknown to Plaintiff at this time. On
2 information and belief, Plaintiff alleges that there are at least forty (40) class members.
3 Accordingly, the members of the class are so numerous that joinder of all members would be
4 impracticable. The disposition of the class members' claims through this class action will benefit
5 both the parties and the Court. The exact number and identity of the proposed class members are
6 readily ascertainable through inspection of Defendants' records.

7    14. Common questions of law and fact exist as to members of the class and include,
8 but are not limited to, the following:

    (a) Whether Defendants failed to pay Plaintiff and members of the class all wages due by refusing to compensate them at their overtime rate for overtime hours;

    (b) Whether Defendants failed to provide meal and/or rest periods to Plaintiff and members of the class during which they were relieved of all duty;

    (c) Whether Defendants failed to provide Plaintiff and members of the class accurate wage statements showing all hours worked and all wages due;

    (d) Whether Defendants willfully failed to pay all wages due Plaintiff and members of the class upon termination;

    (e) Whether Defendants engaged in unfair competition proscribed by the Business and Professions Code by engaging in the conduct described hereinabove;

    (f) The scope and type of injunctive relief necessary to prevent the wage and hour violations described herein;

    (g) The measure of restitution and damages to compensate Plaintiff and members of the class for the violations alleged herein;

25    15. Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to
26 represent. Plaintiff and members of the class were not properly paid for all hours worked as
27 required by California law. Defendants' common course of conduct with respect to Plaintiff and

1  members of the class has caused Plaintiff and members of the class to sustain the same or similar
2  injuries and damages.
3      16.    Plaintiff will fairly and adequately represent and protect the interests of the
4  members of the class.  Plaintiff is a member of the class and does not have any conflict of interest
5  with other class members.  Plaintiff has retained and is represented by competent counsel that are
6  experienced in complex class action litigation, including wage and hour class actions such as the
7  present action.
8      17.    The nature of this action and California law make a class action the superior and
9  appropriate procedure to afford relief for the wrongs alleged herein.

**COUNT ONE**
**FEDERAL CLAIM**
*Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Minimum Wage and Overtime*

13      18.    Plaintiff re-alleges and incorporate by reference the allegations contained in the
14  preceding paragraphs as though fully set forth herein.
15      19.    Defendants' employees worked more than forty (40) hours a week on a consistent
16  basis.
17      20.    At all relevant times herein, Defendants were required by the Fair Labor Standards
18  Act to pay their employees, including Plaintiff and other similarly situated employees, at their
19  regular rate for all regular hours and at their overtime rate of one-and-a-half (1.5) times the
20  regular rate for all hours over 40 in a week. 29 U.S.C. § 201, *et seq*.
21      21.    Defendants operate a business enterprise engaged in commerce or in the
22  production of goods for commerce as defined by 29 U.S.C. § 203(r)-(s) and related Department of
23  Labor regulations.
24      22.    Defendants routinely required, suffered or permitted Plaintiff and other similarly
25  situated employees to work more than forty (40) hours per week without paying all of their wages
26  for overtime work.
27      23.    In failing to pay their employees all overtime wages at one-and-one-half (1.5)
28  times their regular rate of pay, Defendants willfully violated the FLSA.

24. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and other similarly situated employees incurred general damages in lost overtime wages in an amount to be proved at trial.

25. Defendants intentionally, with reckless disregard for its responsibilities under the FLSA and without good cause, failed to pay Plaintiff and other similarly situated employees his proper wages. Defendants are thus liable to them for liquidated damages in an amount equal to their lost wages over a three year statute of limitations.  29 U.S.C. §§ 216(b) and 255(a).

26. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA. 29 U.S.C. § 216(b).

**COUNT TWO**
**PENDANT STATE CLAIM**
*California Labor Code §§ 510, 1194, 1194.2, and 1197*
*Failure to Pay Minimum Wage and Overtime including Minimum Wage Penalty*

27. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

28. At all times mentioned herein, Defendants had a duty to pay their employees, including Plaintiff and other similarly situated employees, not less than the minimum required hourly and overtime rate of pay. Cal. Labor Code §§ 510 and 1194.

29. The failure to pay the minimum required hourly and overtime rate of pay subjects Defendants to an assessment of the unpaid wage difference. Cal. Labor Code § 1194.2.  The number of regular and overtime hours worked by Plaintiff and other similarly situated employees will be proved at trial.

30. On information and belief, Plaintiff and other similarly situated employees allege that they were not compensated at the required overtime rate for all of the overtime hours that they worked.  Plaintiff and other similarly situated employees further allege that Defendants' failure to pay them overtime hours at the statutorily required overtime rate was intentional and in reckless disregard of their duties under the California Labor Code.

6
COMPLAINT AND DEMAND FOR JURY TRIAL

1	31.	As a result of Defendants' conduct, as more fully set forth above, Plaintiff and
2	other similarly situated employees earned but were not paid all of the wages that were due to
3	them.
4	32.	Plaintiff and other similarly situated employees seek as earned but unpaid wages
5	the difference between the amount actually paid and the overtime rate that Defendants were
6	obligated to pay them at.  Their audits and investigations are continuing, and they will seek leave
7	of court to amend this Complaint according to proof at the time of trial.
8	33.	Plaintiff and other similarly situated employees are entitled to and therefore
9	request an award of prejudgment interest on the unpaid wages set forth herein.
10	34.	Plaintiff and other similarly situated employees seek and are entitled to an
11	assessment of the unpaid minimum wage under Labor Code § 1194.2.
12	35.	Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution
13	of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.

**COUNT THREE**
**PENDENT STATE CLAIM**
*California Labor Code § 203*
*Waiting Time Penalties*

17	36.	Plaintiff re-alleges and incorporates by reference the allegations contained in the
18	preceding paragraphs as though fully set forth herein.
19	37.	At the time Plaintiff's employment with Defendants was terminated, and any other
20	similarly situated employee who was terminated, Defendants owed them unpaid regular and
21	overtime wages as previously alleged, and such wages owed to them were ascertainable at the
22	time of termination.
23	38.	Failure to pay wages owed at an employee's termination subjects the employer the
24	payment of a penalty equaling up to thirty (30) days' wages. Cal. Labor Code §§ 201 and 203.
25	39.	As of this date, Defendants have failed and refused, and continue to fail and refuse,
26	to pay the amount due, thus making each such Defendant liable to Plaintiff and other similarly
27	situated employees for penalties equal to thirty (30) days' wages.
28

40. Plaintiff and other similarly situated employees can and will comply with the requirements and standards to the extent required by law to prosecute this violation as a representative action under the Unfair Trade Practices Act.

**COUNT FOUR**
**PENDANT STATE CLAIM**
*California Labor Code § 226*
*Failure to Provide Accurate Wage Stubs*

41. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

42. At all times relevant hereto, Defendants were required to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer. Cal. Labor Code § 226.

43. Defendants knowingly and intentionally failed to provide Plaintiff and other similarly situated employees with accurate, itemized wage statements in compliance with California Labor Code § 226.  Such failures in Defendants itemized wage statements include, among other things, not accurately showing the actual hours worked or rate for overtime hours worked and amount of overtime pay, in each pay period and/or incorrectly reporting gross wages earned.

44. As a direct result of Defendants conduct, Plaintiff and other similarly situated employees were never provided with accurate paystubs. Plaintiff and other similarly situated employees are entitled to recover penalties in an amount of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

45. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this action.

**COUNT FIVE**
**PENDENT STATE CLAIM**
*California Labor Code § 226.7*
*Failure to Provide Meal and Rest Breaks*

46. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

47. At all times relevant herein, Defendants were required to provide an uninterrupted thirty (30) minute meal break for any shift that ran longer than six (6) hours. Cal. Labor Code § 226.7; IWC Wage Order 5-2001(11). Defendants were also required to provide ten (10) minute paid rest breaks for any shift that ran longer than four (4) hours. Id. at (12).

48. Defendants did not provide, permit, or authorize Plaintiff to take his meal breaks, or pay added wages in lieu of the break as required by law. Cal. Labor Code § 226.7. Defendants also did not provide, permit, or authorize Plaintiff to take his rest breaks, or pay added wages in lieu of the break as required by law. *Id.* Plaintiff worked hours in one shift than the minimum hours required by law to be entitled to those breaks. Plaintiff, on information and belief, has never voluntarily or willfully waived his rest breaks. Any express or implied waivers obtained from Plaintiff were not willfully obtained, were not voluntarily agreed to, were a condition or employment, or were part of an unlawful contract of adhesion.

49. Defendants' failure to provide the statutorily required breaks makes them liable to Plaintiff for one hour of pay at Plaintiff's regular rate for each meal break missed, and another hour of pay at Plaintiff's regular rate for each day where a rest break was not provided. Cal. Labor Code § 226.7.

50. As a result of Defendants' unlawful acts, Plaintiff has been deprived of wages in amounts to be determined at trial and is entitled to their recovery, as well as interest and penalties thereon and attorneys' fees and costs. Cal. Labor Code §§ 206, 226, 226.7, 1194.

## COUNT SIX
## PENDANT STATE CLAIM
*Business and Professions Code § 17000, et seq.*
*Engaging in Unfair Competition*

51. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

52. At all times relevant herein, Defendants were required to pay their employees, including Plaintiff and other similarly situated employees, at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. Cal. Labor Code §§ 510 and 1194; IWC Wage Order 5-2001.  At all times relevant herein, Defendants were also required to refrain from engaging in unfair competition.  Cal. Bus. & Prof. Code § 17000, *et seq*.

53. Defendants engaged in unfair competition by failing to pay Plaintiff and other similarly situated employees for all hours worked and at an overtime rate for his overtime hours. Plaintiff and other similarly situated employees were entitled to those wages, which Defendants kept to themselves.  These illegal acts gave Defendants a competitive advantage over other employers and business in the care provider industry who were in compliance with the law.

54. Defendants were also aware of the existence and requirements of the Unfair Trade Practice Act, and the requirements of the Labor Code and Wage Order 5-2001, but knowingly, willfully, and intentionally failed to pay Plaintiff and other similarly situated employees for all hours worked and at their overtime rate for their overtime hours.

55. As a direct and proximate result of Defendants' failure and refusal to pay for all hours and pay at the overtime rate for all overtime hours, Plaintiff's rights were violated, as well as the rights of other similarly situated employees, and they suffered general damages in the form of unpaid wages in an amount to be proved at trial.

56. Plaintiff and other similarly situated employees have been illegally deprived of their overtime pay and herein seek restitution of those wages pursuant to California Business and Professions Code § 17203.

## COUNT EIGHT
### *Declaratory Relief*

57. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein, and further alleges as follows:

58. An actual controversy has arisen between Plaintiff and members of the class, on the one hand, and Defendants, on the other hand, as to their respective rights, remedies and obligations. Specifically, Plaintiff contends and Defendants deny, that:

    (a) Defendants have failed and continue to fail to properly pay overtime wages based on the correct regular rate;

    (b) Defendants have failed and continue to fail to provide Plaintiff and members of the class compliant meal and rest breaks;

    (c) Defendants have failed and continue to fail to provide Plaintiff and members of the class accurate wage and hour statements showing all hours worked, the corresponding hourly rate, and wages earned;

59. Plaintiff further alleges that members of the class are entitled to recover earned wages, liquidated damages, and penalties as alleged herein.

60. Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

### *Attorney's Fees and Costs*

68. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary as no public agency has pursued enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be against the interest of justice to require the payment of any attorney's fees and costs from any recovery that might be obtained herein. As prayed for below, Plaintiff and his counsel, JUSTICE

AT WORK LAW GROUP, are entitled to and seek an award of attorneys' fees and costs pursuant law including but not limited to the FLSA, Code of Civil Procedure § 1021.5, Labor Code §§ 1194 and other applicable laws.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. For declaratory relief as pled or as the Court may deem proper;
2. For preliminary and permanent injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;
3. For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;
4. For an order awarding Plaintiff and the members of the class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed Plaintiff and members of the class, together with interest on these amounts, according to proof;
5. For an award of reasonable attorneys' fees as provided by applicable law;
6. For all costs of suit; and
7. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 12, 2013          JUSTICE AT WORK LAW GROUP

By: //s//Huy Tran//s//
        HUY TRAN
Attorneys for Plaintiff HORACIO DE VEYRA PALANA and the Proposed Class

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated:  November 12, 2013                JUSTICE AT WORK LAW GROUP


By: //s//Huy Tran//s//
       HUY TRAN

Attorneys for Plaintiff HORACIO DE VEYRA PALANA and the Proposed Class