United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACIO DE VEYRA PALANA, Individually, and on Behalf of All Other Persons Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>MISSION BAY INC. and PRINT IT HERE AND COPY, INC.,<br><br>    Defendants.<br>_____ / | No. C 13-5235 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |

Defendants' motion to dismiss the complaint is scheduled for a hearing on March 21, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

## DISCUSSION

On November 12, 2013, plaintiff filed this collective and class action under federal and California law alleging failure to pay overtime and failure to provide meal and rest breaks. The complaint alleges that "Defendants provide care services for mentally disabled adults through programs provided at their facilities and various points of interest where the clients are taken such as shopping malls, petting zoos, and farms." Compl. ¶ 1. The complaint alleges that plaintiff Horacio de Veyra

Palana is a former employee of defendants, and that he and similarly situated employees "were assigned to pick clients up from their homes, [and] drive them to [defendants'] facilities where they provide food and on-site activities. These care staff drivers also drove their clients to various off-site activities arranged by Defendants." *Id*. ¶ 9.

Defendants move to dismiss the complaint on the grounds that plaintiff was an exempt employee under federal law because he provided "companionship services," and that he was exempt under California law as a "personal attendant." With regard to the Federal Labor Standards Act, defendants contend that plaintiff falls under the exemption set forth in 29 U.S.C. § 213(a)(15)[1] and 29 C.F.R. § 552.3. 29 U.S.C. § 213(a)(15) provides an exemption for employees providing "companionship services," defined as,

> (15) any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary);

29 U.S.C. § 213(a)(15). The regulations explain,

> As used in section 13(a)(15) of the Act, the term domestic service employment refers to services of a household nature performed by an employee in or about a private home (permanent or temporary) of the person by whom he or she is employed. The term includes employees such as cooks, waiters, butlers, valets, maids, housekeepers, governesses, nurses, janitors, laundresses, caretakers, handymen, gardeners, footmen, grooms, and chauffeurs of automobiles for family use. It also includes babysitters employed on other than a casual basis. This listing is illustrative and not exhaustive.

29 C.F.R. § 552.3.

Plaintiffs contend that the FLSA exemption does not apply because the complaint does not allege that plaintiff worked in a private household, but rather that defendants hired plaintiff and other employees to pick up clients at their houses and drive them to defendants' facilities where defendants provided food and on-site activities, or to various off-site activities arranged by defendants. Compl. ¶ 9.

Defendants respond that the exemption applies because "the companionship and supervision provided by Plaintiff was based from the client's homes." Docket No. 22 at 2:13. As support, defendants cite *Welding v. Bios Corp.*, 353 F.3d 1214 (10th Cir. 2004). However, *Welding* does not

---

[1] The Court notes that both parties cited the wrong provision. Defendants cited 29 U.S.C. § 13(a)(15), and plaintiffs cited 29 U.S.C. § 219(a)(15).

support defendants' contention that the companionship exemption applies to employees who transport clients from their homes to other locations. In *Welding*, the employees provided companionship services to developmentally disabled individuals in a variety of living arrangements, and the question was whether those living arrangements qualified as "private homes" under the companionship exemption regulations. *See id*. at 1218. Defendants do not cite any authority holding that an employee who transports an aged or infirm individual from his home to another location is providing "companionship services" in a private home, and the Court notes that all of the examples of "domestic service employment" provided in the regulations are of employees such as cooks, waiters, butlers, valets, maids, and housekeepers who perform work in a private home.

With regard to plaintiffs' California claims, defendants contend that plaintiff is exempt as a "personal attendant" under California Wage Order No. 15-2001(J). That provision provides,

> (J) "Personal attendant" includes baby sitters and means any person employed by a private householder or by any third party employer recognized in the health care industry to work in a private household, to supervise, feed, or dress a child or person who by reason of advanced age, physical disability, or mental deficiency needs supervision. The status of "personal attendant" shall apply when no significant amount of work other than the foregoing is required.

Industrial Welfare Commission Order No. 15-2001 Regulating Wages, Hours and Working Conditions in the Household Occupations, 8 Cal. Code Regs. § 11150(2)(J). As with the FLSA exemption, plaintiffs contend that the "personal attendant" exemption does not apply because plaintiff did not "work in a private household."

Defendants assert that "[t]he language 'work in a private household' does not require actual work in a home . . . but instead refers to the requirement that the employer needs to be recognized in the health care industry to work in private households, which Defendants are." Docket No. 22 at 3:19-22. Defendants do not cite any authority for this proposition, and thus have failed to demonstrate the plaintiffs' California claims should be dismissed.

For the foregoing reasons, the Court DENIES defendants' motion to dismiss the complaint. Docket No. 18.

**IT IS SO ORDERED.**

Dated: March 14, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3