UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACIO DE VEYRA PALANA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MISSION BAY INC., et al.,<br><br>    Defendants. | Case No. 13-cv-05235-SI<br><br>**ORDER RE: MOTION TO CLARIFY CLASS CERTIFICATION**<br><br>Re: Dkt. No. 91 |

On July 7, 2015, the Court issued an order granting plaintiffs' motion for class certification. Dkt. No. 61. Plaintiffs now move the Court to clarify its order. Dkt. No. 91. The parties have agreed that the motion would be submitted without argument. *See* Dkt. Nos. 90, 93. Having considered the papers filed, the Court clarifies that its class certification order is specific to "care-worker" employees rather than all hourly employees.

## BACKGROUND

Plaintiffs are former employees of defendants. Second Amended Complaint ¶ 1. Defendants provide care and companionship for mentally disabled adults. *Id*. ¶ 9. Defendants employ direct care staff to supervise and interact with clients in their care. *Id*. Some of these employees pick up clients from their homes, drive them to defendants' facilities where they provide food and on-site activities, and drive clients to various off-site activities arranged by defendants. *Id*. Plaintiffs were paid on an hourly basis. *Id*. ¶ 10.

According to plaintiffs, defendants failed to compensate their employees at the overtime rate for overtime hours and failed to provide employees meal and rest breaks, all in violation of the Fair Labor Standards Act, California's Labor Code, and California's Business & Professions Code

1  section 17200, *et seq*. *Id*. at 6-8; 10-12. Plaintiffs also allege defendants violated California Labor
2  Code sections 203 and 226, by failing to pay employees the amount due to them and failing to
3  provide accurate wage stubs. *Id*. at 8-9.

4  Plaintiff Palana filed this putative class action on November 12, 2013. Dkt. No.
5  1. Defendants moved to dismiss the complaint, which the Court denied on March 14, 2014. Dkt.
6  Nos. 11, 18, 24. Defendants then moved for summary judgment as to Palana's claims for failure
7  to compensate employees for overtime and meal and rest breaks, arguing (1) that Palana was an
8  exempt employee under federal law pursuant to the "companionship services" exemption; and (2)
9  that Palana was exempt under California law as a "personal attendant." Dkt. No. 29. The Court
10 denied defendants' motion on November 11, 2014. Dkt. No. 43. In January 2015 the parties
11 stipulated to the addition of plaintiffs Joan Soliven, Conchito Cabiles, and Alexander Yalung to
12 the lawsuit and to the amendment of the complaint to include these plaintiffs, stating that "there
13 are no changes in the legal arguments" from the prior complaint. Dkt. Nos. 53, 54.

14 On April 20, 2015, plaintiffs moved for class certification. Dkt. No. 61. The Court found
15 that plaintiffs had met the requirements of Federal Rule of Civil Procedure 23(a) and
16 23(b)(3). Dkt. No. 81 at 5-8, 12-13. The Court granted the motion, certifying the following
17 classes:

> All non-exempt persons who were employed by defendants at any time from November 12, 2009 to November 12, 2013[] who fall under the following sub-classes:
>
> 1. <u>Overtime Class</u>: Hourly employees who were suffered or permitted to work over 40 hours in a week or 8 hours in a day without the payment of overtime wages;
>
> 2. <u>Meal Period Class</u>: Hourly employees who worked a shift of 6 hours or more without an unpaid 30 minute meal period; and
>
> 3. <u>Rest Break Class</u>: Hourly employees who worked shifts of more than 6 hours and were not provided unpaid 10-minute rest breaks every 4 hours of fraction thereof.

25 *Id*. at 4-5, 15.

26 On October 2, 2015, plaintiffs filed a motion for clarification of the Court's order. Dkt.
27 No. 91. They ask that the Court clarify that the certified class "includes <u>all</u> of Defendants' hourly
28 employees," i.e. "non exempt clerical workers" who also have claims for unpaid overtime and

1  meal and rest breaks. *Id*. at 2, 8.  Defendants filed an opposition on October 16, 2015. Dkt. No.
2  94.  They argue that "this litigation has only been about care-workers" and ask that, if any
3  clarification is to be made, that the Court "add the word 'care-worker' in front of the word
4  'employees'" in the class definition. *Id*. at 1, 8.  Plaintiffs filed no reply.

## LEGAL STANDARD

To maintain a class action, plaintiffs bear the burden of showing that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one subsection of Rule 23(b). *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014) (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001)).  The plaintiff "must actually *prove* − not simply plead − that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3)." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S.Ct. 2398, 2412 (2014) (citing *Comcast Corp v. Behrend*, 133 S.Ct. 1426, 1431-32 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52 (2011)).

## DISCUSSION

The Court clarifies that its July 7, 2015 decision rested on its understanding that plaintiffs were, in their own words, "seek[ing] to certify a class of roughly one hundred sixty three (163) care workers to vindicate overtime and meal and rest break claims." *See* Dkt. No. 61 at 5.  In their motion for class certification, plaintiffs put forward evidence to support their claims regarding overtime pay, meal periods, and rest breaks.  Their overtime claims rested on evidence regarding the structure of care workers' shifts and/or the payment owed to care workers who drove clients to and from their homes. *Id*.; Dkt. No. 71 at 3.  Plaintiffs described the meal break class as being subject to a common "policy in place requiring workers to take their meal while watching one to three clients." Dkt. No. 61 at 5.  Plaintiffs stated that the rest break class "involves workers who had to watch one to three clients and were not afforded 10 minute rest breaks . . . ." *Id*. at 6, 8-9.  Thus, plaintiffs' class claims hinged on their status as care workers.

Further, it is unclear to the Court at this time whether the non-care workers meet the

requirements of Federal Rule of Civil Procedure 23(a) and (b).  For instance, the numerosity prong of Rule 23(a) is in question; while plaintiffs said that the proposed class consisted of 163 care workers, they have not said how many non-care workers may be in the class.  *See* Dkt. No. 61 at 5.  The commonality prong of Rule 23(a) is in question because plaintiffs admit that different policies applied to the non-care workers as compared to the care workers.  *See, e.g.,* Motion at 2 n.1 (explaining that defendants had an "on duty meal policy" for care workers but had no meal policy for non-care workers).  The predominance requirement of Rule 23(b)(3) is also in question because this Court's prior findings of predominance rested largely on facts specific to the care workers.  *See* Dkt. No. 81 at 12-13.

Plaintiffs argue that they have always sought to certify a class of all of defendants' hourly employees, and they cite to their discovery requests in support of that argument.  Motion at 2; Tran Decl. ¶ 3.  However, nothing in the motion plaintiffs actually filed, or the evidence they used to support it, dealt with hourly workers other than care workers. [1]

Plaintiffs also argue that the question of non-care workers did not arise previously because defendants only raised a defense against the care workers.  Motion at 2, 5.  Rule 23, however, places the burden on plaintiff to demonstrate not just that they could defeat defendants' arguments against class certification, but that they could affirmatively meet the requirements needed to maintain this case as a class action on behalf of non-care workers.  *See Halliburton*, 134 S.Ct. at 2412.  Plaintiffs gave no indication that they intended to include non-care workers as class members, except for a passing mention in their reply to the class certification motion.  *See* Dkt. No. 71 at 4.  At the hearing, counsel for plaintiffs focused solely on the care workers and made no

---

[1]  As of today, under Federal Rule of Civil Procedure 26, plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to" their claim.  *See* Fed. R. Civ. P. 26(b).  The same will be true tomorrow, after the recent amendments to the Federal Rules of Civil Procedure take effect, but with this additional limitation:  the matter must be relevant to a party's claim or defense "and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Under either standard, plaintiffs could have requested and likely obtained discovery on all employees they intended to cover in their motion, had they pursued it.

mention of the non-care staff. *See* Dkt. No. 85 at 2:25-3:1, 4:6-10, 4:18-20, 5:17-20.

In sum, the Court's July 7, 2015 order certifying the class pertained only to care workers. Plaintiffs did not put forward evidence as to the class eligibility of non-care workers in their moving papers, at oral argument, or in their motion for reconsideration. Plaintiffs may very well have valid class claims for non-care workers, but they did not present evidence supporting those claims to the Court. If plaintiffs wish to certify a class that includes the claims of non-care workers, plaintiffs should make an appropriate motion for certification of such workers and provide to the Court such evidence as will support certification under Federal Rule of Civil Procedure 23.

## CONCLUSION

For the reasons stated above, the plaintiffs' motion for clarification is DENIED. Should plaintiffs wish to bring a motion for certification with supporting evidence as to the non-care workers' class claims, the Court will entertain such a motion.

**IT IS SO ORDERED**.

Dated: November 30, 2015

_____
SUSAN ILLSTON
United States District Judge