UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACIO DE VEYRA PALANA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MISSION BAY INC., et al.,<br><br>Defendants. | Case No. 13-cv-05235-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 101 |

Now before the Court is plaintiffs' motion for leave to file a third amended complaint. Dkt. No. 101. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the hearing set for January 15, 2016. Having considered the papers filed, the Court hereby **GRANTS** plaintiffs' motion with respect to the addition of plaintiffs Sheilah Balagtas and Felix Cadenas and **DENIES** plaintiffs' motion with respect to the addition of defendants Maria Coker and Brandon Coker.

**BACKGROUND**

Plaintiffs are former employees of defendants. Second Amended Complaint ¶ 1. Defendants provide care and companionship for mentally disabled adults. *Id*. ¶ 9. Defendants employ direct care staff to supervise and interact with clients in their care. *Id*. Some of these employees pick up clients from their homes, drive them to defendants' facilities where they provide food and on-site activities, and drive clients to various off-site activities arranged by defendants. *Id*. Plaintiffs were paid on an hourly basis. *Id*. ¶ 10.

According to plaintiffs, defendants failed to compensate their employees at the overtime rate for overtime hours and failed to provide employees meal and rest breaks, all in violation of the

1    Fair Labor Standards Act ("FLSA"), California's Labor Code, and California's Business &
2    Professions Code section 17200, *et seq*. *Id*. at 6-8; 10-12. Plaintiffs also allege defendants
3    violated California Labor Code sections 203 and 226 by failing to pay employees the amount due
4    to them and failing to provide accurate wage stubs. *Id*. at 8-9.

5    Plaintiff Horacio De Veyra Palana filed this putative class action on November 12,
6    2013. Dkt. No. 1. Defendants moved to dismiss the complaint, which the Court denied on March
7    14, 2014. Dkt. Nos. 11, 18, 24. Defendants then moved for summary judgment, and the Court
8    denied defendants' motion on November 11, 2014. Dkt. Nos. 29, 43. Plaintiffs moved for leave
9    to file a second amended complaint ("SAC"), and on January 27, 2015, the parties stipulated to the
10   filing of the SAC. Dkt. Nos. 50, 51, 53. The SAC added plaintiffs Joan Soliven, Conchito
11   Cabiles, and Alexander Yalung but otherwise made "no changes in the legal arguments" from the
12   prior complaint. Dkt. Nos. 53, 54.

13   On April 20, 2015, plaintiffs moved for class certification. Dkt. No. 61. The Court found
14   that plaintiffs had met the requirements of Federal Rule of Civil Procedure 23(a) and
15   23(b)(3). Dkt. No. 81 at 5-8, 12-13. The Court granted the motion, certifying the following
16   classes:

> All non-exempt persons who were employed by defendants at any time from November 12, 2009 to November 12, 2013[] who fall under the following sub-classes:
>
> 1. <u>Overtime Class</u>: Hourly employees who were suffered or permitted to work over 40 hours in a week or 8 hours in a day without the payment of overtime wages;
>
> 2. <u>Meal Period Class</u>: Hourly employees who worked a shift of 6 hours or more without an unpaid 30 minute meal period; and
>
> 3. <u>Rest Break Class</u>: Hourly employees who worked shifts of more than 6 hours and were not provided unpaid 10-minute rest breaks every 4 hours of fraction thereof.

*Id*. at 4-5, 15.

Plaintiffs then filed a motion for clarification of the Court's order. Dkt. No. 91. They asked that the Court clarify that the certified class "includes <u>all</u> of Defendants' hourly employees," i.e. "non exempt clerical workers" who also have claims for unpaid overtime and meal and rest breaks. *Id*. at 2, 8. On November 30, 2015, the Court issued an order clarifying that its order

pertained only to care workers because plaintiffs had not presented evidence supporting class claims as to non-care workers. Dkt. No. 96 at 5. The Court stated that it would entertain a motion for certification with supporting evidence as to the non-care workers' class claims, should plaintiffs wish to bring such a motion. *Id*.

On December 10, 2015, plaintiffs filed notices of "opt-in" for Sheilah Balagtas and Felix Cadenas.[1] Dkt. Nos. 99, 100. That same day, plaintiffs also filed the present motion for leave to file a third amended complaint ("TAC"). Dkt. No. 101. They seek to add Balagtas and Cadenas as individual plaintiffs in this suit. They also seek to add two individual defendants, Maria Coker and Brandon Coker, whom they allege that the discovery process revealed to be joint employers of plaintiffs. Motion at 3. They state that the TAC "does not assert any new causes of action and no party will be prejudiced by this amendment." *Id*.

Defendants filed their opposition on December 24, 2015. Dkt. No. 103. They argue that "[t]he requested amendments are in bad faith, not proper, unduly prejudicial, unexplainably delayed, and the motion is wholly unsupported by any evidence." Opposition at 1.

Plaintiffs filed their reply late, on January 5, 2016. See Dkt. No. 106. In it, they argue that adding Balagtas and Cadenas as plaintiffs will promote judicial economy and explain that adding the Cokers as defendants is necessary "to protect the class as there is a concern about the corporate Defendants' financial solvency." Reply at 1.

**LEGAL STANDARD**

If more than 21 days have passed since a pleading was served, Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading only if the opposing party consents or the Court grants leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court should freely grant leave to amend

---

[1] Plaintiffs' briefing at times spells these individuals' surnames as "Balagtas" and "Balagatas," and as "Cadenas," "Cardenas," and "Cadensas." The Court assumes that these all refer to the same two individuals and hereby adopts the spelling used most frequently in plaintiffs' motion, Dkt. No. 101.

3

unless the opposing party can establish a factor such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sierra v. Lapin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (listing factors as "bad faith, undue delay, prejudice to the opposing party, and/or futility") (citations omitted). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

The relevant factors are not of equal weight. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Undue delay alone "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). However, "[b]ald assertions of prejudice cannot overcome" Rule 15(a)'s strong policy in favor of reaching a "proper disposition on the merits" of the case. *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

**DISCUSSION**

**I.      Proposed Addition of New Plaintiffs**

Plaintiffs seek to amend their complaint to add Balagtas and Cadenas, whom they describe as "two office workers of Defendants who were left out of the class after Plaintiffs sought clarification" of the class definition. Reply at 1. They argue that adding these non-class plaintiffs will promote judicial efficiency because Balagtas and Cadenas have overtime and other wage and hour claims against defendants that overlap with the claims of the class. *Id*. at 2.

The Court finds that the liberality standard of Rule 15(a) as well as principles of judicial economy weigh in favor of permitting plaintiffs to add Balagtas and Cadenas as individual plaintiffs. None of the factors used to deny leave to amend—undue delay, bad faith, prejudice, or

4

futility—are determinative here. Although it would have been preferable for plaintiffs to have brought the claims of Balagtas and Cadenas earlier in the case, the Court cannot agree with defendants that the failure to do so constitutes bad faith. To the contrary, by not making clear that non-care workers had claims against defendants, plaintiffs missed out on including them in the certified class. Plaintiffs attempted to correct this omission through their motion to clarify the Court's class certification order, Dkt. No. 96. When that attempt failed, plaintiffs sought leave to add Balagtas and Cadenas to this suit as individuals. For those same reasons, the Court finds that plaintiffs have not engaged in undue delay. They filed the instant motion to amend the complaint ten days after the Court issued its order clarifying that class certification was limited to care workers, and thus excluded non-care workers such as Balagtas and Cadenas. *See* Dkt. Nos. 96, 101.

The Court is further not persuaded that defendants will be prejudiced by such an amendment or that adding these plaintiffs would be futile. Balagtas and Cadenas seek to bring the same claims for overtime and meal and rest breaks that the class members assert. *See* Tran Decl. Ex. 1. Significantly, discovery has not yet closed. Defendants seem to argue futility because Balagtas and Cadenas have not demonstrated that they can meet the class certification requirements of Rule 23; however, the proposed amendment clearly seeks to add Balagtas and Cadenas as individuals, not to add them as class members. *See* Opposition at 6; Tran Decl. Ex. 1. Defendants have made no substantive showing as to why Balagtas and Cadenas's claims would have been futile had they been brought at the onset of this case.[2] Accordingly, the Court GRANTS plaintiffs' motion to add Balagtas and Cadenas to the complaint.

---

[2] Defendants additionally point out that in October 2014 plaintiffs filed a notice of intent not to file an opt-in motion. *See* Opposition at 6 (citing Dkt. No. 38). However, both parties' reliance on the opt-in process is misplaced. The opt-in practice is relevant to collective actions under the FLSA. Class actions under Federal Rule of Civil Procedure 23, by contrast, follow an opt-out model. *See* 7B Charles Alan Wright et al., *Federal Practice and Procedure* § 1807 (3d ed. 2015). Although plaintiffs previously indicated their intent to proceed both through an FLSA collective action and through a Rule 23 class action, they later filed a notice of their intent not to pursue the former. *See* Dkt. Nos. 27 at 3, 38. Thus, Balagtas and Cadenas's December 10, 2015 "opt-in" filings have no meaning here.

## II. Proposed Addition of New Defendants

The Court agrees with defendants that considerations of prejudice and undue delay weigh against permitting plaintiffs to add Maria Coker and Brandon Coker as defendants at this stage of the litigation. Although plaintiffs explain why they could not have known sooner that Balagtas and Cadenas needed to be added as plaintiffs, they offer no credible explanation for their delay in seeking to add these new defendants. Defendants state that plaintiffs deposed Brandon Coker on January 8, 2015, and that Mr. Coker participated in a mediation session with plaintiffs on March 18, 2015. Macias Decl. ¶¶ 3-4. Plaintiffs assert that they did not learn of the Cokers' status as joint employers until after the Court certified the class in July 2015. *See* Motion at 3. However, they do not refute that they deposed Mr. Coker one year ago. Further, in their reply, plaintiffs indicate that it was not the delay in discovering the Cokers' status but rather recent concerns about the corporate defendants' finances that prompted plaintiffs to seek to add the Cokers. *See* Reply at 3.

The Court finds that it would be prejudicial to add the Cokers to the complaint at this time. Plaintiffs seek to hold the Cokers liable for the claims of the class. *See* Reply at 3 (explaining that the Cokers "are sought to be added to protect the class . . . ."). Yet plaintiffs had already deposed Mr. Coker when they moved for leave to file their Second Amended Complaint on January 14, 2015, and when they moved for class certification on April 20, 2015. *See id*; Dkt. Nos. 50, 51, 61. Maria Coker and Brandon Coker have not had the opportunity to defend themselves at class certification or at any prior stage of this case.

Accordingly, the Court DENIES plaintiffs' motion to amend the complaint to add Maria Coker and Brandon Coker as defendants.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiffs leave to file a third amended complaint in order to add Sheilah Balagtas and Felix Cadenas as plaintiffs. The Court **DENIES** plaintiffs leave to amend the complaint in order to add Maria Coker and Brandon Coker as

defendants.  **Plaintiffs shall file their third amended complaint January 20, 2016.**

**IT IS SO ORDERED**.

Dated: January 11, 2016

_____
SUSAN ILLSTON
United States District Judge