UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HORACIO DE VEYRA PALANA, JOAN SOLIVEN, CONCHITO CABILES, and ALEXANDER YALUNG, individually and on behalf of all others similarly situated, and SHEILAH BALAGTAS and FELIX CADENAS individually,<br><br>Plaintiffs,<br><br>v.<br><br>MISSION BAY INC. and PRINT IT HERE AND COPY, INC.,<br><br>Defendants. | Case No.  13-CV-05235 SI<br><br>[Proposed] **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS**<br><br>**Date:** August 5, 2016<br>**Time:** 10:00 a.m.<br>**Location:** Ctrm 1, 17th Floor<br>           San Francisco Federal Courthouse<br>**Judge:** Susan Illston, Senior Judge<br><br>**Trial Date: Not Set** |

The parties to the above-captioned litigation (the "Litigation") have entered into a Settlement Agreement and Release of Claims, together with exhibits (collectively, the "Settlement Agreement" or "Settlement"), that sets forth the terms and conditions for a proposed settlement, which if approved by the Court, would fully and finally resolve the Litigation.

On May 13, 2016, the Court preliminarily approved the Settlement and by an Order filed on May 18, 2016, this Court Ordered the Third Party Claims Administrator to cause to be mailed to the Class English and Tagalog Notices of the proposed Settlement, the amount sought for fees and costs, the amount each Class Member would receive, and their rights to object and opt out. See Dkt 153

Having considered the Motion for Final Approval and the Motion for an Award of Attorneys' Fees and Costs, the points and authorities and declarations submitted in support of the Motions, including the Class Action Settlement and Release and exhibits, and the notice of class action settlement, and the statements of counsel at the hearing on the Motion and **GOOD CAUSE** appearing, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and the Court makes the following findings and orders:

1.  This Order incorporates by reference the definitions in the Settlement Agreement, found as Exhibit 1 to the Declaration of Huy Tran in Support of the Motion for Final Approval and all terms in this Order shall have the same meaning as set forth in the Settlement Agreement.

2.  The class action settlement set forth in the Settlement Agreement, entered into among the Parties and their counsel, is approved as it appears to be proper, to fall within the range of reasonableness, to be the product of arm's-length and informed negotiations, to treat all Class Members fairly, and to be presumptively valid, subject only to any objections that may be raised at or before the final approval hearing.

3.  The Court finds that Plaintiffs' counsel conducted sufficient investigation and research, and that they were able to reasonably evaluate the position of Plaintiffs and class members

and the strengths and weaknesses of their claims.  Plaintiffs have provided the Court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the parties have agreed.  The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the Action.

4. The Court finds that no class member has opted out or objected.  Moreover, only one Notice was returned to the Administrator, a second skip search was undertaken, and re-mailed.  The Notice was again returned to the Administrator.  The name of this class member is Nieves Y. Brady and the settlement amount she was to receive was $975.09.  The Court considered the two attempts to mail by the Administrator and the fact class member Brady is no longer employed by defendants and finds that the attempts to send notice were sufficient.  The Court redistributes her amount in a pro rate manner to the rest of the class members.

5. The Court approves the Settlement Agreement, including all the terms and conditions set forth therein and the class settlement amount and allocation of payments to Class Members.

6. Defendants shall, pursuant to the terms of the Settlement Agreement, transmit to CPT Group as the Third Party Claims Administrator the settlement sum of $450,000.00.

7. The Court directs the mailing by the Third Party Claims Administrator, by First-Class U.S. mail, of the amounts as reflected to Exhibit 1 of the Proposed Order, Dkt. No. 170-1.

8. Having considered the request for attorneys' fees and costs, as well as the methodology and load star amount accounting, the Court approves the payment of $150,000.00 as attorneys' fees and $13,710.18 in costs.

9. All further proceedings are hereby stayed except for any that are required to effectuate the Settlement Agreement.

**DISCUSSION**

As to the Approval of the settlement, the Court reasons as follows: "The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). The Court may finally approve a class settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). To assess whether a proposed settlement comports with Rule 23(e), a district court "may consider some or all" of the following factors: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009); see also *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). No single factor is the "most significant." *Officers for Justice*, 688 F.2d at 625.

In addition, "[a]dequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. As discussed below, the Court finds that the proposed settlement is fair, adequate, and reasonable, and that class members received adequate notice.

1. Adequacy of Notice

In determining whether notice was adequate the Court must ensure that the following requirements are met: [t]he class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice; the notice must indicate that a dissident can object to the settlement and to the definition of the class; each objection must be made a part of the record; those members raising substantial objections must be afforded an opportunity to be heard with the assistance of privately retained counsel if so desired, and a reasoned response by the court on the

record; and objections without substance and which are frivolous require only a statement on the record of the reasons for so considering the objection. *Officers for Justice*, 688 F.2d at 624-25 (9th Cir. 1982) (internal quotation marks and citations omitted).

The Settlement Administrator ("CPT") adhered to the notice procedures set forth in the settlement agreement and Preliminary Approval Order to ensure that notice was sent to class members. See Declaration of Huy Tran; Ex 1 Settlement Agreement.

Settlement notice was mailed to 42 putative class members. Of the 42 putative class members, all have chosen to participate in the settlement, and none objected. Only one Notice had to be re-mailed two times and the Court finds that attempt to reach this class member were satisfied and her share will be redistributed. Under the terms of the settlement, that member will be bound by the settlement and will receive his or her share of the settlement amount.

Under the plan, class members were not required to submit claims to participate in the settlement. Instead, the notice was mailed to them with the dollar amount they would receive and class members were given the Settlement Administrator's name and contact information, provided an opportunity to be heard and to opt out or object to the settlement, and given follow-up notice regarding the settlement procedures. Overall, the Court finds that the notice procedures used here complied with the notice requirements of Rule 23(e).

2. <u>Fairness, Adequacy and Reasonableness</u>

Having found the notice procedures adequate under Rule 23(e), the Court next considers whether the entire settlement comports with Rule 23(e).

a. <u>Strength of Plaintiff's Case</u>

Approval of a class settlement is appropriate when plaintiffs must overcome significant barriers to make their case. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Here, class members are receiving 100% of the wages found owed. As to liquidated

5                                    Case No. 13-CV-05235 SI

[Proposed] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS

damages, there was a risk that the defense of good faith or non-willfulness would be shown as to both under the FLSA and under Labor Code section 203.  Moreover, meal and rest breaks as to the 42 class members would require their participation in the case and testimony that they did not waive rest breaks.  As to the on duty meal period policy, Defendants had a viable argument of business necessity.  While these challenges were not insurmountable, the pay our percentages weigh in favor of approving the settlement.  See *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 4610764, at *6 (N.D. Cal. Aug. 28, 2013) (finding that the relative strength of plaintiffs' case favored settlement because plaintiffs admitted they would face hurdles in establishing class certification, liability, and damages).

b. <u>Risks of Maintaining Class-Action Status</u>

The Court also agrees that the putative class could face challenges in maintaining class certification throughout the litigation.  While the class size was small and manageable, each class member would at some point be required to provide testimony as to their individual claims.   If individualized issues "predominate," class certification would not be maintained. See, e.g., *Williams v. Veolia Transp. Svcs. Inc*., 379 Fed. Appx. 548, 549 (9th Cir. 2010) (affirming denial of class certification where individual inquiries pursuant to Vinole would have been required).  Further, the individual details of class members' potentially distinct day–to–day work schedules could further challenge Plaintiff's ability to maintain class certification throughout the course of litigation.

c. <u>Settlement Amount and Reaction of the Class</u>

The proposed Total Settlement Amount represents all unpaid wages, and a high percentage of four distinct premium wage and penalty claims.  The Net Settlement amount represents about $210,000.00 of a potential exposure of about $650,000.00 or 32.3%.  See Declaration of Tomas E. Margain In Support of Final Fairness Hearing at Par. 22, Exhibit 1.  Based on the facts in the record and the parties' arguments at the final fairness hearing, the Court finds that the 32.3% gross figure is

"within the range of reasonableness" in light of the risks and costs of litigation. See *Ma v. Covidien Holding, Inc.*, No. SACV 12-02161-DOC, 2014 WL 360196, at *5 (C.D. Cal. Jan. 31, 2014) (finding a settlement worth 9.1% of the total value of the action "within the range of reasonableness"); *Balderas v. Massage Envy Franchising, LLC*, No. 12-cv-06327 NC, 2014 U.S. Dist. LEXIS 88866, at *16 (N.D. Cal. July 21, 2014) (granting preliminary approval of a net settlement amount representing 5% of the projected maximum recovery at trial).

    d. <u>Stage of the Litigation</u>

The Court notes that substantial analysis was conduction of the time and pay records by class counsel and nine depositions were taken. Moreover, the matter settled after a failed mediation with a renowned mediator and with the assistance of a magistrate judge. Moreover, Class Counsel are experienced in these types of matters.

    e. <u>Reaction of the Class</u>

The class reacted favorably to this settlement. No objections were filed and none of the 42 class members opted out. The Court thus finds that this factor weighs in favor of a finding that the proposed settlement amount and distribution is fair and reasonable.

**Award to Class Representatives**

Based on the declarations of Class Representatives HORACIO DE VEYRA PALANA, JOAN SOLIVEN, and ALEXANDER YALUNG, the Court finds that they are entitled to incentive awards of $5,000.00 each.

**Individual Plaintiffs**

The Court also approves the payment to Plaintiffs SHEILAH BALAGTAS of $7,3000.00 and FELIX CADENAS of $12,700.00 for a total of 20,000.00.

7     Case No. 13-CV-05235 SI

[Proposed] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS

**Attorneys' Fees and Costs**

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Because the claims are based on California law, California law provides the basis for the award of attorneys' fees. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). Under California law, "the award of attorney fees is proper under Section 102.5 if (1) plaintiffs' action has resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement are such as to make the award appropriate." *Press v. Lucky Stores*, 34 Cal. 3d 311, 317-18 (1983) (internal quotation marks and citation omitted); Cal. Code Civ. P. § 1021.5. Based on the above criteria, the Court finds that Plaintiffs' counsel is entitled to attorneys' fees.

When applying the percentage–of–recovery method to calculate attorneys' fees, 25% of the settlement fund is the typical "benchmark" for a reasonable fee award. *Vizcaino*, 290 F.3d at 1048-50. However, the Court is persuaded by the billings and amount of litigation that 33%, which is less than the amount billed, is warranted.

**CONCLUSION**

For the foregoing reasons it is hereby ordered that:

1. Plaintiff's Motion for Final Approval of Class Action Settlement is hereby GRANTED.

2. Plaintiff's Motion for Class Counsel's Attorneys' Fees and Costs is hereby GRANTED.

3. The Court approves the Gross Settlement Amount of $450,000.00 including payments of: attorneys' fees in the amount of $150,000.00; costs in the amount of $13,710.18; claims administration fees in the amount of $9,000.00; payment to SHEILAH BALAGTAS of $7,3000.00 and FELIX CADENAS of $12,700.00, and enhancement of $5,000.00 each to HORACIO DE

VEYRA PALANA, JOAN SOLIVEN, and ALEXANDER YALUNG and a sum of $7,500 to be given to the Labor and Workforce Development Agency (LWDA).

4. The Administrator is directed to make the above payments as well as the payments in the distribution to the class based on the "Re-Distributed Calculations Report" found as Exhibit 1 to the Proposed Order, Dkt. No. 170-1.  Again, the amounts earmarked to Nieves Y. Brady were re-distributed in a pro rata manner to the rest of the class but she is part of the Class whose claims are being adjudicated.

5. Consistent with the Agreement, checks not negotiated within 90 days shall be cancelled.  If the funds total less than $20,000.00, they shall be given to the Katherine and George Alexander Community Law Center through the *cy pres* doctrine.  If the funds total $20,000.00 or more, they shall be redistributed and re-mailed to the class in a pro rata manner after the administrator deducts the costs for the second mailing.

**IT IS SO ORDERED.**

Dated:  August 12, 2016

_____
Hon. Susan Illston
Senior District Judge
United States District Court